IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victoria Ogonna Ofoedu, | CIV-09-654-PHX-JWS (MHB) |
| Petitioner, | **REPORT AND RECOMMENDATION (SECOND)** |
| vs. | |
| J. Schomig, | |
| Respondent. | |

TO THE HONORABLE JOHN W. SEDWICK, UNITED STATES DISTRICT JUDGE:

## BACKGROUND

On July 28, 2009, Petitioner Victoria Ogonna Ofoedu has filed a *pro se* Motion Challenging Removal Order, Request for Stay of Removal and Reconsideration of Adjustment of Status (Doc. #19). Respondent has filed a Response on September 17, 2009 (Doc.#24). Petitioner has not filed a Reply.

Petitioner is a native and citizen of Nigeria. On July 25, 1987, the former Immigration and Naturalization Service ("INS") admitted her at New York City, New York, with authorization to remain in the United States until January 24, 1988. She remained beyond that date without INS authorization. (Doc. #24, Exhs. 1-2.) On January 29, 1992, INS placed Petitioner in deportation proceedings pursuant to an Order to Show Cause. (Id., Exh. 3.) On March 3, 1993, the Immigration Judge (IJ) denied Petitioner's *pro se* asylum application, but granted her application for voluntary departure, advising Petitioner that she had until September 3, 1993, to depart the United States or the order would covert to an order

of deportation to Nigeria. (Id., Exhs. 4, 6.) Specifically the IJ found that Petitioner's fear of returning to Nigeria because of the turmoil existing in that country, the sole basis for her request for asylum, was not sufficient to qualify for relief. (Id., Exh. 6.) Petitioner filed a *pro se* appeal of the IJ's decision. (Id., Exh. 5.)

Petitioner's appeal was dismissed by the Board of Immigration Appeals (BIA) on November 30, 1998, and Petitioner was given thirty days to voluntarily depart the United States. ("Final Order of Removal"). (Doc. #24, Exh. 6; Doc. #19, at 25.) Petitioner, through counsel, filed a Petition for Review of the BIA decision and Motion for Stay of Removal with the Ninth Circuit on December 21, 1998. (Id., Exh. 7.) While that matter was pending, Petitioner filed a *pro se* Motion to Reopen Deportation Proceedings for Reconsideration, to Withhold Removal, and to Stay Removal Pending Decision Based on Article 3 of the United Nations Convention Against Torture. (Id., Exh. 8.) On March 16, 2000, the BIA denied Petitioner's motion, finding that she had "failed to submit any type of evidence in support of her motion . . .," and that "[s]he [had] not demonstrate[d] the likelihood ord severity of the treatment she claim[ed] to fear as a result of being deported from the United States . . ," or "that the mistreatment she fears amounts to torture." (Id., Exh. 9.) On August 15, 2000, the Ninth Circuit in a Memorandum Opinion, denied Petitioner's Petition for Review. (Id., Exh. 10.)

On September 11, 2008, the Arizona Fugitive Operations team arrested Petitioner at her residence during Operation Return to Sender, and she was brought to the Eloy Detention Center in Eloy, Arizona. (Doc. #24, Exh. 11.) Petitioner filed a Petition for Writ of Habeas Corpus, pursuant to 18 U.S.C. §2241 on March 30, 2009, challenging her confinement while awaiting removal. (Doc. #1.) That petition was dismissed as moot, as Petitioner had been released on an order of supervision on July 15, 2009 (Doc. #22). Pending at the time of dismissal was the motion being considered by this order. Petitioner requests a stay of removal for medical and humanitarian reasons, and additionally asserts that she was denied effective assistance of counsel during the removal proceedings. (Doc. #19.)

**MERITS**

The issuance of a stay of removal is "not a matter of right, even if irreparable injury might otherwise result. . . . It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." Nken v. Holder, ___U.S.___, 129 S.Ct. 1749, 1760 (2009) (citations omitted). In considering a request for a stay of removal, the court should "consider[] four factors:(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4)where the public interest lies." Nken, ___ U.S. ___; 129 S.Ct. 1749, 1761 (2009) (citing Hilton v. Braunskill, 481 U.S. 770 (1987)). The party requesting a stay "bears the burden of showing that the circumstances justify an exercise of that discretion." Id.

(1) Success on the Merits

    (a) Jurisdiction of this Court.

This court lacks authority to conduct a review of Petitioner's final order of removal and eligibility for adjustment of status, pursuant to Section 106(a) of the REAL ID Act of 2005, which provides as follows:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act . . .

18 U.S.C. §1252(a)(5).

See Alvarez-Barajas v. Gonzales, 418 F.3d 1050, 1052 (9th Cir. 2005) ("the Act eliminated habeas jurisdiction, including jurisdiction under 28 U.S.C. §2241, over final orders of deportation, exclusion, or removal"); Nadarajah v. Gonzales, 443 F.3d 1069, 1075 (9th Cir. 2006) ("the REAL ID Act amends the [INA], by eliminating federal habeas corpus jurisdiction over final orders of removal . . . .").Where Petitioner's claim "directly challenges

1 the merits of her final order of removal," the court is "without jurisdiction. . . ." Villajin v.
2 Mukasey, 2008 WL 2705144, *2 (D.Ariz. 2008).

A claim that arises independent of the final order of removal, such as ineffective assistance of counsel after a final order preluding appellate review, is within the court's jurisdiction. Singh v. Gonzales, 499 F.3d 969, 979 (9th Cir. 2007). To establish ineffective assistance of counsel, in the absence of clear error, aliens generally must first satisfy the requirements of Matter of Lozada, 19 I & Dec. 637, 639 (BIA 1988). Singh, 499 F.3d at 979, n.12. To comply with the requirements of Lozada, an alien must: (1) provide an affidavit setting forth in detail the agreement that was entered into with counsel with respect to the actions to be taken, and what representation counsel did or did not make to the alien in this regard, (2) ensure that counsel whose integrity or competence is being impugned is informed of the allegations leveled against him and given the opportunity to respond, and (3) identify whether a complaint has been filed with appropriate disciplinary authorities with respect to any violation of counsel's ethical or legal responsibilities, and if not, why not. Melkonian v. Ashcroft, 320 F.3d 1061, 1071-72 (9th Cir. 2003).

Second, the alien must show prejudice, which is presumed when counsel's error deprives the alien of the appellate proceeding entirely, although the presumption is rebuttable. Villajin, 2008 WL 2705144, *4 (citing Rojas-Garcia v. Ashcroft, 339 F.3d 814, 826 (9th Cir. 2003)).

Petitioner's only reference to ineffective assistance of counsel in her petition is the following statement: "I did not received effective assistance of counsel during my immigration Judge and Board of Immigration Appeals trial because that challenge arose independently of my removal order." (Doc. #19, at 1.) Nowhere else in her four page petition, or attached exhibits, does she explain at what point in the process her counsel was ineffective, or describe what action/inaction on the part of her counsel constitutes ineffective assistance. Although the Ninth Circuit does not require rigid compliance with the Lozada factors, it does require substantial compliance. Singh, 499 F.3d at 979 n. 12; Villajin, 2008

- 4 -

WL 2705144, *4. Petitioner does not establish a claim of ineffective assistance of counsel, and therefore this Court is without jurisdiction to consider her challenge to the removal order.

(b) Exhaustion of Remedies.

Petitioner is required to exhaust her statutory administrative and judicial remedies for her claims regarding ineffective assistance of counsel and adjustment of status. Petitioner never raised an ineffective assistance of counsel claim, or requested an adjustment of status before the BIA in either her appeal or in her motion to reopen (Doc. #24, Exhs. 5-9). These failures deprive the court of jurisdiction. 8 U.S.C. §1252(d)(1); Huang v. Ashcroft, 390 F.3d 1118 (9th Cir. 2004). This administrative exhaustion requirement is statutory and jurisdictional. Sun v. Ashcroft, 370 F.3d 932, 939 (9th Cir. 2004). In analyzing the exhaustion provision at 8 U.S.C. §1252(d)(1), the Ninth Circuit concluded that, when administrative remedies are available as a matter of right, a failure to exhaust those remedies precludes subsequent review in a petition for writ of habeas corpus. Sun, 370 F.3d at 940. Petitioner's failure to raise her claim of ineffective assistance of counsel before the IJ or the BIA on direct appeal constitutes a failure to exhaust administrative remedies and may not be raised for the first time in federal court. Singh, 499 F.3d at 974

Petitioner also failed to exhaust her judicial remedies as she did not raise a claim of ineffective assistance of counsel, or adjustment of status in her petition for review before the 9th Circuit. (Doc. #24, Exhs. 7, 10.) As a prudential matter, habeas petitioners must exhaust judicial remedies before seeking relief under Section 2241. Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001), vacated on other grounds, Fernandez-Vargas v. Gonzales, 548 U.S. 30 (2005). As Petitioner did not exhaust her judicial remedies, and has not established any overriding interest that warrants disregarding jurisprudential exhaustion, relief pursuant to Section 2241 is precluded.

Petitioner nonetheless requests that this court relieve her from the order of removal for humanitarian reasons. Petitioner claims that on December 5, 1996, she was injured on the job lifting a heavy patient, and had to have four surgeries. ( Doc. #19, at 2.) As a result

1 she developed hypertension and depression in 1997. (Id.) If she is deported to Nigeria, Petitioner claims that she will "loose [her] medical coverage; [she] will not be able to pay for medical treatment and medications." (Id.) She receives "$780.00 a month from the insurance company and also [] can work part time to substitute [her] income. . . ." (Id.) She asserts that she "would not be able to find work back in Nigeria and no company will hire [her] because of [her] disability." (Id.) Petitioner also provides evidence that she is involved in community service helping the homeless and senior citizens in the San Diego area. (Id., at 35-38, 42-47.)

Petitioner never presented these claims to an IJ or the BIA. On June 15, 1999, Petitioner filed a Motion to Reopen Deportation Proceedings for Reconsideration, to Withhold Removal, and did not raise her medical concerns at that time. (Doc. #29, Exh. 8.) As Petitioner has not previously presented her request for humanitarian relief to the IJ or BIA, this Court has no authority to review her claim of entitlement to relief from deportation.

## CONCLUSION

Petitioner has not established entitlement to a stay of removal. She has not established any likelihood of success on the merits of her challenge to the final order of removal or decision on adjustment of status, as this court lacks jurisdiction to review Petitioner's final order of removal, and Petitioner has not exhausted her administrative or judicial remedies.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion Challenging Removal Order, Request for Stay of Removal and Reconsideration of Adjustment of Status (Doc. #19) be **DENIED**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a

| | |
|---|---|
| 1 | response to the objections. Failure to timely file objections to the Magistrate Judge's Report |
| 2 | and Recommendation may result in the acceptance of the Report and Recommendation by |
| 3 | the district court without further review. <u>See</u> <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, |
| 4 | 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the |
| 5 | Magistrate Judge will be considered a waiver of a party's right to appellate review of the |
| 6 | findings of fact in an order of judgment entered pursuant to the Magistrate Judge's |
| 7 | recommendation. <u>See</u> Fed.R.Civ.P. 72. |
| 8 | DATED this 16th day of November, 2009. |

*/s/ Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge